IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL N. JOHNSON, | : | 1:10-CV-2353 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| WILLIAM A. SCISM, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM

### January 11, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 9), filed on December 22, 2010. The R&R recommends that the instant 28 U.S.C. § 2241 habeas corpus petition be dismissed because Petitioner's claim is of the type that must be brought by way of a 28 U.S.C. § 2255 motion. Petitioner Paul N. Johnson ("Johnson") filed objections to the R&R on January 5, 2011. (Docs. 10 and 11). Thus, this matter is ripe for our review and disposition.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

On November 15, 2010, Johnson filed this action, self-styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Johnson is currently serving sentence at the Low Security Correctional Institution at Allenwood as a consequence of a September 23, 1996 plea of guilty to conspiracy to distribute cocaine, 21 U.S.C § 846. On February 24, 1997, Johnson was sentenced in the Middle District of Pennsylvania to 275 months incarceration, followed by 8 years of supervised release.[1]

On the date he was sentenced, Johnson filed a direct appeal to the United States Court of Appeals for the Third Circuit. The Third Circuit affirmed the District Court's sentence on December 15, 1997. Thereafter, on November 9, 1998, Johnson filed a Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255, which was denied by the District Court on January 21, 1999. On March 30, 1999, Johnson filed a supplement to his § 2255 Motion, and on April 5, 1999, the District Court dismissed it as a successive motion. On April 26, 1999, Johnson appealed the District Court's Order to the Third Circuit regarding the denial of his § 2255 Motion. On July 20, 1999, the Third Circuit issued an Order dismissing Johnson's appeal by agreement of the parties. On October 1, 1999, the Third Circuit issued an Order denying Johnson's request to file a second or successive § 2255 motion.

---

[1] The docket number of the underlying criminal action is 94-cr-145, *United States v. Johnson.*

On November 20, 2009 and again on February 24, 2010, Johnson filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582. Both Motions were denied by the District Court. Johnson filed an appeal on March 4, 2010, which was dismissed on June 21, 2010. Johnson then filed another § 2255 Motion with the District Court on August 24, 2010, which was dismissed on September 20, 2010. On September 24, 2010, Petitioner filed a notice of appeal to the Third Circuit regarding the District Court's September 20, 2010 Order. That appeal is presently pending with the Third Circuit.

In the current § 2241 petition, Johnson claims that his prior Pennsylvania state convictions for terroristic threats under 18 Pa. C. S. § 2706 and for a drug offense under 35 Pa. C. S. § 780-113 do not qualify as predicate offenses for career offender classification under § 4B1.1 of the United States Sentencing Guidelines. Thus, Johnson argues that "he is actually innocent to being a career offender" under U.S.S.G. § 4B1.1 and as such "he should not have been sentenced to more than a year of imprisonment." (Doc. 1, p. 2; Doc. 2, p. 6).

Johnson also claims that when the Middle District of Pennsylvania grand jury indicted him in June of 1994, the identity of the drug was not found by the grand jury to be an element of the offense with which he was charged with under 21 U.S.C. § 846. Johnson contends that he should be resentenced because an

intervening change in the substantive law requires now the identity of the controlled substance as an element of the 21 U.S.C. § 846 offense. Thus, Johnson claims that "he has never been legally convicted of the charges that he received 275 months of imprisonment and eight years of supervised release for." (Doc. 2, pp. 23-24).

## II. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

Except under certain circumstances, in order to collaterally attack a criminal conviction or sentence, a petitioner must proceed by motion made pursuant to 28

4

U.S.C. § 2255. To appropriately bring a 28 U.S.C. § 2241 petition in lieu of a 28 U.S.C. § 2255 motion, a petitioner must establish that he satisfies the safety-valve language of §2255, i.e. that the remedy of a §2255 motion is inadequate or ineffective to test the legality of his detention. *Manna v. Schultz*, 591 F. 3d 664, 665 (3d Cir. 2010). A motion under §2255 is inadequate or ineffective only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication on his claim of wrongful detention." *Application of Galante*, 437 F. 2d 1164, 1165(3d Cir. 1971)(quoting *Leguillou v. Davis*, 212 F. 2d 681, 684 (3d Cir. 1954)). To be sure, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255 ." *Cradle v. United States*, 290 F. 3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* 538.

Magistrate Judge Blewitt recommends that instant petition be dismissed because Petitioner's claim is of the type that must be brought by way of §2255 motion. Upon our review of the petition, we agree, and conclude Johnson does not meet any of the exceptions allowing him to proceed pursuant via a 28 U.S.C. § 2241 petition. It is well to note that matter *sub judice* is not the same as the

5

situation of the petitioner in *In re Dorsainvil*, 119 F. 3d 245 (3d Cir. 1997). *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), wherein the Supreme Court held that a defendant may not be convicted of using a firearm under 19 U.S.C. § 924(c) unless the government proves that the defendant actively employed the firearm during and in relation to the predicate crime. After the *Bailey* decision, the *Dorsainvil* petitioner filed an application to file a successive § 2255 motion, claiming that on the basis of *Bailey*, he was imprisoned for conduct that the Supreme Court had determined is not illegal. The Third Circuit concluded that the petitioner could not file a successive § 2255 motion because the second motion did not meet the stringent exception requirements, however the petitioner could file a 28 U.S.C. § 2241 petition based on the holding of the *Bailey* case. Thus, the petitioner in *Dorsainvil* and similar cases was allowed to present his claims that he was imprisoned for conduct that the Supreme Court had determined was not illegal in a § 2241 petition because he did not have an unobstructed procedural opportunity to raise his claim in a § 2255 motion, since his § 2255 motions was filed prior to *Bailey* and he did not meet the requirements for filing a successive § 2255 motion after *Bailey*.

Johnson here is not in a position similar to the petitioner in *Dorsainvil*. First, Johnson's claim that the identity of the controlled substance he was charged with possessing and distributing should have been treated as an element of his offense under 21 U.S.C. § 846 amounts to nothing more than a collateral attack upon the legality of his drug convictions and of the legality of his sentence, which are claims properly brought pursuant to a § 2255 motion. *See Rivera v. Scism,* Civil No. 10-1773( M.D. Pa.)(Caldwell, J.)(Court held that Rivera's § 2241 habeas claims that the identity of the controlled substance he was charged with possessing and distributing should have been treated as an element of his offenses under 21 U.S.C. §§ 860, 846 and 841(a)(1), and not merely considered as a sentencing factor, and that the jury had to find the identity of the drug relevant to his charges beyond a reasonable doubt, amounted to a collateral attack upon the legality of his drug convictions and the legality of his 292-month sentence and that Rivera's attack was properly brought pursuant to a § 2255 motion with the sentencing court).

Also, Johnson's claim that he was incorrectly categorized as a career offender based on non-qualifying previous state offenses is also not properly brought in a § 2241 petition because a § 2255 is not an ineffective or inadequate means to challenge his career offender classification. *See Littles v. United States*, 142 Fed. Appx. 103, 104 (3d Cir. 2005)(petitioner could not use § 2241 petition to challenge

his status as a career offender based upon allegedly non-qualifying predicate offenses, but must seek authorization from the Third Circuit to file a successive § 2255 motion).

Thus, based on the foregoing, we are constrained to dismiss the petition for lack of jurisdiction.

## IV. CONCLUSION

Accordingly, for the foregoing reasons as stated by this Court and the Magistrate Judge, we shall overrule Petitioner's objections and adopt the R&R in its entirety. An appropriate Order shall issue.